Dubois' Adm'r *v.* Wilson's Trustee.

DUBOIS' ADMINISTRATOR, Respondent, *vs.* WILSON'S TRUSTEE, Appellant.

1. Under the 6th section of the St. Louis mechanics' lien act, (sess. acts, 1843,) the lien of a mechanic who furnishes materials for a building will prevail over an incumbrance executed after the building is commenced, but before the materials are furnished.

*Appeal from St. Louis Circuit Court.*

*Scire facias* upon a mechanic's lien. The following were the facts:

One Bocker, being the owner of the property in August, 1849, commenced a building thereon, and on the 23d of November, 1849, the building being then incomplete and in progress of erection, executed a deed of trust thereon under which the defendant acquired title in December, 1850.

On the 26th of August, 1850, Dubois filed a lien against the premises on an account for materials furnished to the owner for carpenter's work upon the building, the first item of which was

dated January 15, 1850, and the last March 11, 1850. The lien was allowed by the Circuit Court.

C. Gibson, for appellant.

M. L. Gray, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The plaintiff had judgment here for the amount of a lien claimed against a building in St. Louis, for materials furnished under a contract with the owner, and the defendant claimed the property by purchase after the materials had been put into the building, under a deed of trust given by the owner after the commencement of the building, but before the materials were furnished, and the question was, whether the lien could be enforced against the property in the hands of this purchaser.

By the 6th section of the St. Louis mechanics' lien act, of February, 1843, the legislature have declared that such a lien shall be preferred to all incumbrances that attach subsequent to to the commencement of the building, and we are bound so to pronounce, unless we see that they have exceeded their just powers in this matter. There is certainly nothing inequitable in subjecting this mortgaged property to the payment of the debt contracted for these materials, of which the purchaser has the benefit. On the contrary, we think it highly just that those who by their labor or materials have given real value to an unfinished building, which otherwise might never have been finished, should be considered as creditors of the building, and paid out of the proceeds of a sale of it, in preference to creditors whose incumbrances attach after the building has been commenced.

Such laws have been enacted in other states and approved of by the courts, and we do not see how they can be impeached as unconstitutional. They deprive no one of his property, but, on the contrary, secure to every one what is justly due to him, giving each one priority of right in the property, according to the claims of natural justice. ( The American Fire Co. v. Pringle, 2 Serg. & R., 138.) Let the judgment be affirmed.