THE WEST SIDE LUMBER & MANUFACTURING CO. *v.* THE LANCASTER PAPER MILL CO. ET AL.

*Mechanics' liens — Priority over mortgage — Executed and recorded before liens attached — But after improvement begun — Sections 8321 and 8542, General Code.*

In an action to sell real estate incumbered by mortgage and mechanics' liens under the statute passed April 16, 1913 (103 Ohio Laws, 369), and to marshal liens and distribute the proceeds thereof, *held:*

1. That Section 12 of said act is inconsistent and in conflict with Section 8542, General Code, and that the provisions of said Section 12 must prevail over the conflicting provisions of said Section 8542.

2. Mechanics' and materialmen's liens, under said act, are preferred to a mortgage given after the commencement of the improvement on the lands so incumbered, even though such liens do not attach until after the execution and recording of said mortgage.

(Decided December 1, 1915.)

ERROR: Court of Appeals for Fairfield county.

*Mr. M. A. Daugherty,* for plaintiff in error.

*Mr. Brooks E. Shell; Messrs. C. W. & J. W. McCleery; Mr. W. K. Martin* and *Mr. L. G. Silbaugh,* for defendants in error.

Powell, J. The question for adjudication in this case arises between several holders of mechanics' liens and the trustee of a bondholder's mortgage, as to the proper distribution of the proceeds of the sale of the property of the defendant, The Lancaster Paper Mill Company.

The amount for distribution is the sum of $11,823.64. The costs and preferred labor claims have been paid.

The liens in the order of the dates of their attachment, with interest to August 3, 1915, are as follows:

1. Plaintiff's mechanic's lien of date June 15, 1914, in the sum of.....    $471.00
2. John L. Graham, trustee for the mortgage bondholders, July 24, 1914 ........................    28,999.00
3. The mechanics' liens of the other defendants in error, of date subsequent to July 24, 1914, aggregating ........................    2,819.55

The exact dates and amounts of all liens are agreed upon by the parties and appear in the finding of facts entered in the final decree of the court of common pleas. The facts are sufficiently stated in the opinion to show the controversy in the case. The construction of the mechanics' lien law as it

existed June 15, 1914, to January, 1915, is involved.

There is a constitutional provision relative to the mechanics' lien laws that has some bearing on the case. It is Section 33 of Article II, and reads as follows:

"Section 33. Laws may be passed to secure to mechanics, artisans, laborers, sub-contractors and material men, their just dues by direct lien upon the property, upon which they have bestowed labor or for which they have furnished material. No other provision of the constitution shall impair or limit this power."

The bearing that this provision has on the case under discussion lies in the unlimited power given to the legislature to legislate upon the subject of mechanics' liens. It may pass any kind of bill that it chooses and the same will not be unconstitutional. There is no room for it to be unconstitutional. Courts have only to ascertain what the enactment says and the same becomes clear at once.

Pursuant to the provision of the constitution a bill was passed April 16, 1913 (103 O. L., 369), providing for mechanics' liens and the order of their priority.

Section 12 of said enactment (Section 8321, General Code) is the particular part of the statute that we are called upon to construe. This section is as follows:

"Section 12. The several liens herein provided for shall be liens from the date the first labor was performed, or the first machinery, materials, or fuel, was furnished by the contractor under the

original contract, and shall continue for six years after said affidavit is filed in the office of the county recorder. If the action be brought to enforce such lien within that time,. it shall continue in force until final adjudication thereof, and such liens shall take priority as follows:

"First. If several liens be obtained by several persons upon the same job, in the manner hereinbefore prescribed, they shall have no priority among themselves, except that liens filed by persons performing manual labor shall have priority to the extent of the labor performed during the thirty days immediately preceding the date of the performance of the last labor.

"Second. They shall be preferred to all other titles, liens or incumbrances, which may attach to or upon such construction, excavation, machinery, or improvements, or to, or upon the land upon which they are situated, which shall either be given or recorded subsequent to the commencement of said construction, excavation, or improvement."

It therefore seems to us clear:

1. That mechanics' liens attach from the date of the first item of the account secured thereby.

2. That when there are several such liens due several persons "upon the same job," they shall have no priority among themselves.

3. That mechanics' liens shall be preferred to all other titles, liens or incumbrances which may attach to, or upon, the land upon which the improvement liable for the payment of such liens is situated, given or recorded subsequent to the commencement of said improvement.

Applying these rules of law to the case under consideration what is the result reached? Plaintiff's mechanic's lien is first in time, and consequently first in right, and should be first paid out of the funds for distribution. The mortgage of John L. Graham, trustee, filed July 24, 1914, is second in order of time, and therefore under the former mechanics' lien laws (Section 8542, General Code) would be second in the order of priority, but this section is in conflict with subsection 2 of Section 12 of the act of April 16, 1913, in its order of preferences. In such cases, where two statutes are inconsistent or in conflict, the provisions of the statute last enacted must prevail. This would postpone the mortgage to the third place in the order of priority, as the several other mechanics' liens on the "same job" due several persons are without priority among themselves and must be preferred to an incumbrance given or recorded after the commencement of the improvement upon which such mortgage and liens attach.

The mechanics' liens other than the plaintiff's are subsequent in point of time to the mortgage, but having no priority among themselves, and being entitled to preference over the mortgage, they rank second in the order of their priority and payment. It is not necessary to determine whether the lien of plaintiff is of the same priority as the other mechanics' liens, taken subsequent to the mortgage, as there is a sufficient amount for distribution to pay all of the mechanics' liens in full.

It follows that the judgment of the court of common pleas must be reversed.

And the court proceeding to render the judgment that the court of common pleas should have rendered, orders and adjudges that all of the mechanics' or materialmen's liens shall be first paid out of the funds applicable to such payment, and that the residue of such funds shall be paid to the defendant, John L. Graham, trustee, to apply on the mortgage indebtedness.

*Judgment reversed and judgment for plaintiff in error.*

Shields and Houck, JJ., concur.