Jones, J.
This cause was certified to this court by the court of appeals of Cuyahoga county because its decision was in conflict with the judgment pronounced upon the same question by the court of appeals of Fairfield county in the case of The West Side Lumber & Mfg. Co. v. The Lancaster Paper Mill Co. et al., reported in 5 Ohio App., 253.
The Crobaugh Mortgage.
The Crobaugh mortgage was filed for record on the 8th day of March, 1917. It is not claimed that this was a construction mortgage. Smith, one of the leading claimants, began work on the building on January 8, 1917. The- Cuyahoga Builders’ Supply Company furnished materials on the 22d of February, 1917. The other lien claimants began work or furnished materials after the date of the filing of the Crobaugh mortgage. Counsel repre *92 senting this mortgage denies priority over it of lien claimants who began work or furnished materials after the date of its filing, but plaintiff in error contends that under the following statute all liens take the same dating as the Smith lien, having no priority between them, and are superior to the Crobaugh mortgage, notwithstanding the fact that some of the liens were for work contracted for after the record of that mortgage. The statute involved is as follows:
“Sec. 8321. §12. The several liens herein provided for shall be liens from the date the first labor was performed, or the first machinery, materials, or fuel, was furnished by the contractor under the original contract, and shall continue for six years after said affidavit is filed in the office of the county recorder. If the action be brought to enforce such lien within that time, it shall continue in force until final adjudication thereof, and such liens shall take priority as follows:
“First. If several liens be obtained by several persons upon the same job, in the manner herein-before prescribed, they shall have no priority among themselves, except that liens filed by persons performing manual labor shall have priority to the extent of the labor performed during the thirty days immediately preceding the date of the performance of the last labor.
“Second. They shall be preferred to all other titles, liens or incumbrances, which may attach to or upon such construction, excavation, machinery, or improvement, or to, or upon the land upon which they are situated, which shall either be given or *93 recorded subsequent to the commencement of said construction, excavation, or improvement.”
The second paragraph of the section quoted is unambiguous. It provides in plain terms that the several liens obtained by several persons upon the same job shall be preferred to any lien or incumbrance given or recorded subsequent to the commencement of the construction or improvement. This particular provision of the lien law was enacted by the legislature in April 1913 (103 O. L., 376). Similar provisions, containing almost identical language, had theretofore been adopted by various states, and these have been construed as giving lienholders in the same situation as these priority over a mortgage executed after the actual commencement of the building. (Kay v. Towsley, 113 Mich., 281; Dubois’ Admr. v. Wilson’s Trustee, 21 Mo., 213; Kerr-Murray Mfg. Co. v. Kalamazoo Heat, L. & P. Co., 124 Mich., 111; J. Thomas & Co. v. Mowers, 27 Kans., 265, and Davis v. Bilsland, 85 U. S., 659.) The latter case involved the construction by the supreme court of the United States of a mechanics’ lien law of the. territory of Montana, and the law contained a provision very similar to the second paragraph of Section 8321, General Code. It appeared in that case that work was begun on the building on .May 1, 1869, and that the plaintiff lienor .was employed upon the building from July to November, 1869, while the defendant Davis received a mortgage as security on the property, which mortgage was filed for record on June 9, 1869. The court held that under the Montana law the mechanics’ *94 and materialmen’s liens took precedence over a mortgage put upon the property after the commencement of the building. Mr. Justice Bradley said in his opinion, at page 661: “The language of the eighth section of the mechanics’ lien law of Montana is unambiguous. The liens secured to the mechanics and material-men have precedence over all other incumbrances put upon the property after the commencement of the building. And this is just. Why should a purchaser or lender have the benefit of the labor and materials which go into the property and give it its existence and value? At all events the law is clear.”
However, defendants in error in this case contend that the obvious meaning of the second paragraph of the lien law under discussion applies only to a case where a general contractor has been given a contract for the entire job, and that this construction can be gleaned from the first sentence of Section 8321, General Code. We see nothing in that clause which can override the obvious language contained in the second .paragraph of the act. Manifestly the language contained in the first section of the act was intended to fix a date under which all the liens arising under original contracts become effective against the owner of the property. It does not attempt to determine priority between liens. The first and second paragraphs deal with priorities and preferences, and the latter paragraph of the act gives preference to the several liens upon the same job over an encumbrance recorded subsequent to the commencement of the construction.
While Section 8542, General Code, giving *95 mortgages a lien from the date of filing, is still effective, it must yield to this later legislative pronouncement giving mechanics and materialmen preference over mortgages filed subsequent to the commencement of construction, excavation or improvement.
If it had been reasonably apparent to the mortgagee when his mortgage was filed for record that the construction was not actually and palpably commenced, the mortgagee would have been in a better situation to make the contention he now does, but the facts are otherwise. The agreed statement of facts discloses that Smith had begun his work and The Cuyahoga Builders’ Supply Company had furnished materials prior to the filing of the Crobaugh mortgage for record.
We all agree that when the mortgage has been filed for record by the mortgagee it is equivalent to record within the meaning of the second paragraph of Section 8321, General Code. The mortgagee has thereby done everything that he possibly can do, and the delay or neglect of the recorder in performing his ministerial duty will not have the effect of postponing his lien to the time of its actual recording.
The Cuyahoga Savings & Loan Company Mortgage.
This mortgage was executed and placed on record January 4, 1917, before any work was begun or materials furnished. It was given for the purpose of constructing a building upon the premises, and thé proceeds thereof were substantially paid *96 out by the mortgagee for labor and materials used in construction. This mortgage contained no covenant between mortgagor and mortgagee empowering the latter to do the things provided to be done by the mortgagee pursuant to the provisions of Section 8321-1, General Code, nor was there a substantial compliance with said section. After the record of this mortgage separate contracts were made by the owner with various mechanics and materialmen. Section 8542, General Code, provides that all mortgages shall take effect from the time they are delivered to the recorder of the proper county for record. It is claimed, however, that there has been a substantial change made in the mechanics’ lien law of this state in relation to mortgages given foj the improvement of real estate, and that it has effectually and impliedly repealed the quoted section, in that all mortgages given for the improvement of property, whether filed before or after the commencement of the improvement, are now postponed to the liens of mechanics and materialmen. The court of appeals held in effect that this section of the mechanics’ lien law does not apply to mortgages given for construction purposes in cases where the work of construction had not begun before the mortgage was filed for record. On May 27, 1915 (106 O. L., 531), the legislature passed what is now Section 8321-1 of the General Code. So far as the same is germane to the present case that section provides as follows:
“Sec. 8321-1. Except as hereinafter provided in this section, the lien of a mortgage given in *97 whole or in part to improve real estate, or to pay off prior encumbrances thereon, or both, the proceeds of which are actually used in such improvement in the manner contemplated in sections 8310 and 8311 of the General Code, or to pay off prior encumbrances or both, and which mortgage contains therein the correct name and address of said mortgagee, together with a covenant between the mortgagor and mortgagee authorizing and empowering the mortgagee to do all things in this act provided by said mortgagee to be done,- shall be prior to all mechanic’s, material-men’s and similar liens and all liens provided for in this chapter that are filed for-record after said improvement mortgage is filed for record, to the .extent that the proceeds thereof are used and applied for the purposes aforesaid and pursuant to the provisions of this section, and such mortgage shall be a lien on the premises therein described from the time it is filed for record for the full amount that is ultimately and actually paid out under said mortgage, regardless of the time when the money secured thereby is advanced.”- ,
The act then provides that laborers and material-men' may serve notice on the mortgagee showing the kind and nature of the labor performed or to be performed, or of the material, etc., furnished or to be furnished. It is further provided by the act that the mortgagee shall not be required to pay out any of the mortgage fund for fifteen days after filing his mortgage, and that at the end of that period he may refuse to go forward with the loan or to pay out the fund, or if he elects to complete *98 said loan he shall, in order to obtain priority, distribute the mortgage fund in the order provided in the act. He is authorized, first, to pay off prior encumbrances or withhold the amount thereof for that purpose; second, he is authorized to “retain sufficient funds to complete the improvement” according to the original contracts and within the original contract price, and, third, he is authorized from time to time to pay out on the owner’s order directly to the contractors or subcontractors such sums as the owner may certify to be necessary to meet pay rolls for the improvement. The act requires the distribution of the balance of the fund in the order therein prescribed.
The question to be determined here is whether this section of the mechanics’ lien law applies to a mortgage given and filed before work was begun or material furnished, although the same was given for the avowed purpose of improving real estate, or applies only to construction mortgages given and filed after the work has commenced on the improvement.
Counsel for plaintiff in error concede that there is a lack of clarity in the act, and in this we agree. An inspection of the entire act, however, would clearly indicate that the legislative intention was to apply its force only to mortgages which were given and filed for the purpose of improving real estate, after the actual commencement of operations. There was a genuine necessity, in the field of building construction, for the passage of Section 8321-1, General Code. In April 1913, as noted in this opinion in relation to the Crobaugh *99 mortgage, the legislature had adopted a provision whereby liens obtained by several persons upon the same job should be preferred'to a mortgage giv'en or recorded subsequent to the commencement of the improvement. This naturally would have the effect of stopping building operations entirely unless a method might be secured whereby the improvement could be finished, by means of a mortgage loan procured after the work had commenced. This was the situation that confronted the legislature about two years, after it had passed the act of 1913, Section 8321, General Code. Having this situation in mind, no doubt, and in order to provide a means for the completion of improvements begun, it passed the section of the mechanics’ lien law known as Section 8321-1, General Code. And an inspection of the entire act discloses that this was its purpose, and that mortgages to improve real estate given after the work had actually commenced should contain the required covenants in order to obtain priority over liens filed for record after the filing of the mortgage. The act was not intended to cover all mortgages, but only such “mortgages herein contemplated.” Under its provisions the mortgagee had the option for fifteen days after filing the mortgage, to either refuse or complete the loan. This could be for no other purpose than for investigation in order to determine whether he should lend the money to complete the building. There could be no reason for investigation if neither work was done, materials furnished, or contract made, when the mortgage was filed for record. This feature of the act is reinforced *100 by the provision that when the fifteen-day period for investigation is passed the mortgagee after providing for prior encumbrances may “retain sufficient funds to complete the improvement, * * * within the original contract price.” Also the mortgage contemplated by this act is made a lien prior to mechanics’ and materialmen’s liens “that are filed for record after said improvement mortgage is filed for record.” There is in this first sentence of the act an implication that work has been begun or that materials have been furnished before the filing of the mortgage for record.
Under the provisions of Section 8542, General Code, mortgage liens take effect from the time they are filed. That section is not expressly repealed by Section 8321-1, General Code, and it is not clearly apparent that the legislature intended to . repeal it by implication.
We are, therefore, of the opinion that Section 8321-1, General Code, applies only to construction mortgages given and filed after the commencement of the improvement, and that this savings and loan mortgage, having been recorded before any work was begun or material furnished, takes priority over all the other liens.
The judgment .of the court of appeals is modified and the case remanded to that court for distribution of the fund in accordance with this opinion.

Judgment modified.

Nichols, C. J., Matthias, Johnson, Wanamaker and Robinson, JJ., concur.