JOPLIN CEMENT COMPANY ET AL., RESPONDENT, V. GREENE COUNTY BUILDING AND LOAN ASSOCIATION ET AL., APPELLANT; DUNCAN-KLANER LUMBER COMPANY, INTERVENER.

In the Springfield Court of Appeals. January 15, 1931.

*Hamlin, Hamlin & Hamlin* and *E. C. Hamlin* for Greene County Building and Loan Association, appellants.

*R. A. Pearson* for respondent, Joplin Cement Company et al.

*George Farris* for Intervener.

*Ruark & Ruark* for respondents, John Bringholf et al.

BAILEY, J.—This is primarily a suit to establish priority of certain materialmen's liens over the lien of a deed of trust on certain real estate and improvements in Newton county. The plaintiffs are the Joplin Cement Company, a corporation, and B. W. Quisenberry and C. H. Bathhurst, co-partners, who, on the 31st day of January, 1929, filed said suit against the Greene County Building and Loan Association, as beneficiary in a certain deed of trust, E. C. Hamlin as trustee therein, John Bringholf, W. H. Bringholf and Robert I. Graham, claimants of mechanic's liens, and Walter D. and Mabel I. Harty as owners of the property. The petition alleges that

on November 1, 1928, defendants, Walter D. Harty and Mabel I. Harty, were indebted to plaintiff, Joplin Cement Company, on open and running account in the sum of $643.87, as shown by account filed; that said account consisted of building supplies used in the erection of a dwelling house on lot thirteen (13) in Modoc Acres, in Newton county, Missouri, of which tract said Walter D. Harty and Mabel I. Harty were and are now the owners; that within six months next past after said account accrued, plaintiff Joplin Cement Company filed its verified itemized account together with a description of said property in the office of the circuit clerk of Newton county for the purpose of establishing a mechanic's lien.

The petition further alleges that Walter D. Harty and Mabel I. Harty were and became indebted to B. W. Quisenberry and C. H. Bathurst in the sum of $93 on open account for materials used in the erection of said dwelling house on said premises and that filings were made and proceedings were instituted for establishing a mechanic's lien against said property.

It is further alleged that, "said Greene County Building and Loan Association are the beneficiaries in a certain deed of trust on said property securing the payment of the debt described in said deed of trust, and said defendant E. C. Hamlin is the trustee in said trust deed named, but plaintiffs say said deed of trust is inferior and subject to said lien claimed by plaintiffs." The prayer is for a personal judgment against the Harty's on said accounts and, "that the same be declared, respectively, mechanics liens against said described property, prior to the deed of trust of said Greene County Building and Loan Association, and that the lien claims of said defendants John Bringholf, W. H. Bringholf and Robert I. Graham be defined and determined."

Thereafter the Duncan-Klaner Company, by leave of court, filed an intervener's petition adopting formal portions of plaintiffs' petition and further alleging that on October 20, 1928, "said defendants Walter D. Harty and Mabel I. Harty became and were indebted to intervener in the sum of five hundred and ninety-two and 65/100 dollars ($592.65) on an open and running account for materials sold and delivered to said Walter D. Harty and Mabel I. Harty at their special instant and request, an itemized statement thereof showing all credits; that said material was used in the erection of a dwelling house on said lot thirteen (13) in Modoc Acres (aforesaid); that "in the furnishing of said materials intervener was original contractor with said owners. Intervener states that no part of said balance has been paid although payment has been demanded; the first demand being November 1, 1928, and the full amount thereof is long since past due and payable; that within six (6) months next after said debt accrued intervener herein, on the 11th day of February, 1929,

caused to be filed in the office of the clerk of the circuit court of Newton county, Missouri, an itemized and verified statement of its account together with the description of the property to and upon which said materials had been furnished for the purpose of establishing a mechanic's lien against said property.'' Then follows a prayer for a personal judgment against the owners and to have said mechanic's lien adjudged superior to the lien of the Greene County Building and Loan Association.

Thereafter defendant Greene County Building and Loan Association filed their answer which is, in part, as follows:

''This defendant says that if the plaintiffs or defendants furnished the material as alleged in their petition and that said materials were used in the construction of a building on the real estate as stated in plaintiffs' petition, all of which defendant denies, yet, said materials were furnished and used in the construction of said building after the 14th day of August, '28, and for that reason plaintiffs nor defendants are entitled to have a lien declared against the property described in its petition for the following reasons, that on the 2nd day of July, 1928, the said Walter D. Harty and Mabel I. Harty executed and delivered to it their note for the sum of $4000, and to secure the same executed a deed of trust which is of record in Book 69 at page 666 Recorder's Office, Newton county, Missouri, recorded July 28, 1928.

''That the money represented by said note was paid as follows: $615 for the real estate described in plaintiffs' petition and the remainder for material and labor used in, upon and about the building on said real estate prior to the said 14th day of August, 1928. That on that date this defendant informed plaintiffs and defendants herein that all money represented by said note and deed of trust had been expended for labor and materials used in said building and for the real estate aforesaid, and further notified the said plaintiffs not to furnish the said Walter D. and Mabel I. Harty any further material to be used in, upon or about said building or premises without the expressed consent of this defendant so if said material was furnished after that date plaintiffs and defendants knew at the time of so doing of the facts as stated by this defendant.''

The answer of defendant, John Bringholf shows a mechanic's lien claim against said property based on work and labor performed during the months of April, May, June, July and August, 1928, with a balance due in the sum of $254.

The answer of defendant, W. H. Bringholf shows a mechanic's lien claim for work and labor performed during the months of April, May, August and September, 1928, with a balance due of $192.

The case came on to trial and judgment was rendered October 28, 1929, finding for plaintiffs and intervener and also defendants, John

Bringholf and W. H. Bringholf, in accordance with their respective prayers, and further adjudged that each of said liens is "superior to the lien of the Greene County Building and Loan Association and E. C. Hamlin, trustee in the deed of trust on said property." From this judgment defendant Greene County Building and Loan Association has duly appealed.

Error is assigned because the court declared the various liens, as hereinbefore set forth, to be superior to the lien of the deed of trust held by the Greene County Building and Loan Association. The theory of the loan company is that at the time the material was furnished and the labor performed there was no contract with the owner of the property for the erection of said dwelling house or for the furnishing of material or labor thereon as provided by section 7216, Revised Statutes 1919. This question affects all the liens asserted by the various parties and is one which we consider the decisive question in the case.

Turning to the evidence bearing upon this proposition, it appears that the Joplin Cement Company furnished material for a house to be erected on lot thirteen (13) in Modoc Acres in Newton county, beginning June 18, 1928; at that time the fee-simple title to said property was vested in one Clara M. Barr, and there is no evidence that Clara M. Barr had entered into any contract with any of the lien claimants for the erection of a dwelling house on said land. The Joplin Cement Company makes no such claim but their evidence tends to show a contract with defendant Walter D. Harty, if with anyone.

It is shown that prior to the date when this material was furnished the said Walter D. Harty and his wife had built a garage on the land and were living in it during the time the dwelling house was being erected and during the time the materials for which liens are claimed were being furnished. The record fails to show by what right or authority Harty and his wife were living upon the land or what title they had when the erection of the building was first commenced.

On the 2nd day of July, 1928, Walter D. Harty and Mabel I. Harty executed a deed of trust to the defendant Greene County Building and Loan Association, securing their note for four thousand dollars ($4000) upon the land in controversy. At that time the dwelling house was only partially completed. The Hartys received their deed to the property from Mrs. Barr on the 11th day of August, 1929. It also appears that the Greene County Building and Loan Association, from the proceeds of the $4000 loan, paid to the said Mrs. Clara Barr the sum of six hundred and fifteen dollars, being the purchase price for said land, and used the remainder of said $4000 loan to pay all outstanding bills that had accrued up

to the 13th day of August, 1929. There is some evidence on the part of defendant Greene County Building and Loan Association that at that time it notified all claimants to furnish no more material, but as to whether or not they had the right to prevent the furnishing of any further material by giving such an order need not now be decided. Under the view we take of the evidence, plaintiffs and other claimants fail to offer proof sufficient to entitle them to priority over the lien of the deed of trust held by defendant loan company. In the first place there is no proof that Walter D. Harty and Mabel I. Harty had any title whatever, either legal or equitable, at the time the first material was furnished or the first labor done for which the liens are claimed. In the case of Wilson v. Lubke, 176 Mo. 210, the facts were somewhat similar to the case at bar. In that case certain parties, in contemplation of the purchase of a lot, made a contract with another party for the erection of a building on the lot without waiting for the completion of the purchase and without the knowledge of the then owner of the land and the erection of the building on the lot was commenced. A planing mill company, which began delivering material one day before the consummation of the purchase of the lot and one day before the execution of the deeds, afterwards established or attempted to establish a mechanic's lien. At the time the deeds were executed a deed of trust was given back to the grantor to secure certain notes. Upon such state of facts, our Supreme Court held that "A mechanic's lien must have for its foundation a contract made by the owners of the land, not necessarily the absolute owner in fee, but the owner of the estate to be charged with the lien. [Lumber Co. v. Clark, 172 Mo. 588.] Until one is such owner he can make no contract that will impose a burden on the land. He may, in contemplation of becoming the owner, make a contract that will affect the land as soon as it becomes his property, but such contract cannot relate back beyond the date of his purchase so as to impair the rights of the former owner."

The court further held that the rights of the grantee as well as the lien claimant was subordinate to the rights of the holder of the deed of trust. The authority of this case has never been questioned. In the case of Steininger v. Raymond, 28 Mo. App. 594, a similar ruling was made. In discussing a state of facts like unto those in the case at bar the court, at page 605, said: "Now, if it conclusively appear that at such date a person, who subsequently became the owner, and with whom the contract was subsequently made, had no title or interest in the property whatever, upon what principle can a judgment or decree be rendered, not merely subjecting any interest which he may have then had, but in terms subjecting the land, to the exclusion of a lien which took effect simultaneously with the acquisition of title by him."

It was further ruled that the lien of the deed of trust was superior to that of the materialman.

It is also held by eminent authorities that, "In determining whether a mortgage is entitled to priority as a purchase money mortgage the test is not whether the mortgage is given to the vendor, but whether it is to be used as purchase money, and hence where a prospective purchaser of property obtains a loan from a third person to pay the purchase money, and a mortgage to secure such loan is executed as part of the transaction by which the purchaser receives his deed, such mortgage has priority over mechanics' liens arising out of improvements on the property commenced by the purchaser before he acquired title." [40 Corpus Juris, page 296.]

In the case at bar it stands admitted that part of the loan of the Greene County Building and Loan Association was used in the payment of the purchase price, but we are not basing this decision solely on that ground but rather on the failure of the plaintiffs and other claimants to prove any title or contract for title in the Hartys at the time the building was commenced.

It is unquestionably true that an equitable title is sufficient to sustain the lien of the materialmen or mechanics but in the absence of proof of some contract or agreement between the owner of the property, Clara Barr, and the Hartys, at the time the work was commenced upon the dwelling house, we are unable to hold the Hartys had even an equitable title as was true in the case of Lumber Company v. Harris, 131 Mo. App. 94.

Other questions are raised on this appeal as to which we think the decision of the trial court is binding upon this court. The point is made that there is no proof that the material furnished for which liens are claimed went into the building. There was some proof of a general nature in regard to this question and it being a question of fact, the finding of the trial court is binding upon us. [McPherrin v. Lumbermen's Supply Co., 211 Mo. App. l. c. 396.]

The point is made by respondents in this case that the defendant loan company is estopped from setting up any question as to Hartys' title because of their conduct in advancing money and paying bills, but since no reply was filed in the case and no estoppel set up, we do not consider that point available to respondents at this time. It is our opinion, all things being considered, this case should be reversed and remanded for new trial. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.