## WENDLER v. LAMBETH, Appellant.

### Division Two, June 11, 1901.

1. **Will:** TECHNICAL WORD: DOWRY TO SISTER: LIFE ESTATE. A testator gave "the inheritance" to his nephew in one hundred acres with the exception that if his unmarried sister came to America to live she should have a "dowry" in forty acres, and after her death said nephew was to have immediate control and possession thereof. *Held,* *first,* that the words "the inheritance" must be understood to mean the fee simple title; *second,* the word "dowry" could not be considered in its technical sense, it evidently not meaning "dower," which is a provision for the wife at her husband's death, or "dowry," which is the bride's portion on her marriage, but considering the fact that the nephew is given possession of the land after her death, it must be held that the intention of the testator was to give her a life estate in the entire forty acres.

2. **Priority of Liens:** PRIOR MORTGAGE. A deed of trust given to secure the purchase price of land, made simultaneously with the deed from the *cestue que trust* to the mortgagor, in pursuance of an agreement and as a part of the same transaction, has precedence, so far as it is a charge upon the particular parcel of land, over a prior deed of trust made by the same mortgagor; it does not enlarge that deed of trust into including whatever right the deed of the second mortgagee conveyed to the mortgagor.

3. ——: ——: LIFE ESTATE: OTHER LANDS AND DEBTS: VENDOR'S LIEN. The remainderman made a deed of trust which was effectual to pass after-acquired title. Afterwards, the life tenant in a part of the

Wendler v. Lambeth.

land made him a quitclaim deed for her interest therein, and simultaneously therewith took a deed of trust on his entire tract to secure a loan of $1,790, reciting in the deed of. trust that $641.50 of that amount was for the purchase price of her life estate. *Held*, that a foreclosure sale under the first deed of trust did not carry to the purchaser thereat the life estate in the particular parcel, but her deed of trust thereon was a precedent and prior lien to such prior deed of trust. Nor was the priority of her lien in the particular parcel affected by the fact that the entire debt, including the purchase price of her life estate, was evidenced by a single note, and the whole secured by a deed of trust on the particular parcel and other lands. And even though it be conceded that by taking such deed of trust she waived her vendor's lien, it does not follow that thereby she affected the priority of her mortgage.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins,* Judge.

AFFIRMED.

*E. O. Brown* and *M. G. McGregor* for appellant.

(1) "Dowry" and "dower" are synonymous, and applied to real estate, at common law and under our statute always mean a life estate in one-third of the land of which deceased was seized, which goes to his wife. It does not apply to other than the wife. 10 Am. and Eng. Ency. Law (2 Ed.), p. 125, and note on p. 126; Anderson's Law Dictionary, p. 381; Hastings v. Myers, 21 Mo. 526; Buford's Admr. v. Buford's Exr., 49 Mo. 547; R. S. 1889, sec. 4513; 29 Am. and Eng. Ency. Law (1 Ed.), p. 349, and note; 5 Am. and Eng. Ency. Law (1 Ed.), pp. 884, 885, and notes; 1 Rap. & Lawrence's Law Dictionary, 417, 418; 3 Wait's Actions and Defenses, p. 74, sec. 5, and p. 656, sec. 2. (2) The language of the will must be given its established legal meaning according to its usual, ordinary and technical sense. Drake v. Crane, 127 Mo. 103;

Ringquist v. Young, 112 Mo. 32; Thompson v. Thompson, 115 Mo. 70; 6 Wait's Ac. and Def., p. 383; Reinders v. Koppelman, 94 Mo. 345; Nichols v. Boswell, 103 Mo. 157; Brown v. Lyon (2 Selden), 6 N. Y. 420. (3) The bequest of "dowry" to the testator's sister should be held to be meaningless and uncertain, and can not be held to mean more than a life estate in one-third of the land mentioned, under any circumstances. The vested estate in Herman Schutz is favored in law. In re Keller's Est. (Pa. O. Ct.), 11 Lanc. L. Rev. 185; 9 General Digest of the M. S. P. 2791; Chew v. Keller, 100 Mo. 368. (4) No matter what interest respondent obtained by the will, she has parted with it. By the mortgage of Herman R. Wendler to him, containing the statutory covenants raised by the words "grant, bargain and sell," and his purchase at foreclosure sale thereunder, the appellant became vested with a legal title including the title of Herman R. Wendler, derived under the will of his uncle, and also the title, if any, afterwards acquired from the respondent. Boyd v. Haseltine, 110 Mo. 207; R. S. 1889, sec. 2402; Cockrill v. Bane, 94 Mo. 445; Ivy v. Yancey, 129 Mo. 509; 1 Jones on Mortgages (4 Ed.), sec. 153; 2 Story's Equity Jurisprudence, sec. 1021a. (5) The respondent has failed to show any legal title necessary to recover on in ejectment, but has only shown an equity of redemption subject to appellant's prior mortgage. Farrar v. Heinrich, 86 Mo. 530; Winn v. Lippincott Investment Co., 125 Mo. 543; Hunt v. Selleck, 118 Mo. 594; Brisco v. Callahan, 77 Mo. 134; Cowell v. Gray, 85 Mo. 172; Orrick v. Durham, 79 Mo. 177; Hubble v. Vaughan, 42 Mo. 141; White v. Tudois, Lead Cas. in Eq., p. 272; Jackson v. Magruder, 51 Mo. 59; Howard v. Thornton, 50 Mo. 292; 3 Gen. Digest of U. S., p. 1226 (82 Ala. 367); Emison v. Whittelsey, 55 Mo. 259. (6) Her deed of trust was given to secure a greater debt than the purchase price and conveyed other and addi-

tional security than the interest in the land sold by her, and was a full and complete waiver of a vendor's lien or other priority. The priority given to a deed of trust on the interest conveyed for the purchase price thereof alone, is on the equitable ground that her equitable vendor's lien was not waived, but was only merged in the higher security, and where the vendor's lien is waived by taking other security, then there can be no priority for her deed of trust in part or whole. Morris v. Pate, 31 Mo. 315; Linville v. Savage, 58 Mo. 254; Turk v. Funk, 68 Mo. 20; Boyer v. Austin, 75 Mo. 82; Anderson v. Griffith, 66 Mo. 50; Rogers v. Tucker, 94 Mo. 350; Emison v. Whittelsey, 55 Mo. 259; Riley v. Renick M. Co., 44 Mo. App. 525; Kirtley v. Morris, 43 Mo. App. 151; Christy v. McKee, 94 Mo. 250; Dickason v. Eby, 73 Mo. 141; Durette v. Briggs, 47 Mo. 362; Routte v. Murray, 48 Mo. App. 17; 1 Jones on Mortgages (2 Ed.), secs. 464, 465, 466. (7) The respondent's deed of trust must be entitled to priority as a whole instrument, not first as to a life estate in the land conveyed and second as to the fee conveyed in the same land, and the other land described in and conveyed in both appellant's mortgage and respondent's deed of trust. 3 General Digest of U. S., p. 1226 (citing Wilkinson v. Parner, 82 Ala. 367); 1 Jones on Mortgage (2 Ed.), sec. 465, p. 364; Winn v. Lippincott Inv. Co., 125 Mo. 528; Emison v. Whittelsey, 55 Mo. 254; Riley v. Renick M. Co., 44 Mo. App. 524.

*Thomas & Hackney* for respondent.

(1) Under the will the purpose of the testator was to give to his sister, the plaintiff, the use of the premises in controversy during her natural life. The testator's understanding of the meaning of the words used in his will, as ascertained from the will itself, must be adopted in construing it, without

reference to the lexicographers or adjudicated cases. Dugan v. Lexington, 15 Mo. 230; Peters v. Carr, 16 Mo. 54; Murphy v. Carlin, 113 Mo. 112; Nichols v. Boswell, 103 Mo. 151. (2) It can not be said that the technical meaning of the word "dowry" should be applied in this case to determine the interest intended to be devised to the plaintiff. "Dowry" is that which the wife gives the husband on account of the marriage, and is a sort of donation made with a view to his maintenance and the support of the marriage. Cutter v. Waddingham, 22 Mo. 254. (3) Nor can it be said that the testator intended to use the word "dower," because of the fact that the beneficiary did not stand in such relation to the testator as would have entitled her to receive dower from him, nor be technically endowed in the property. The manifest intention of the testator was to give to his sister, the plaintiff, the use of this property during her life, and such use vested in her the legal title to the life estate, and is sufficient to support ejectment. Schorr v. Carter, 120 Mo. 413. (4) Where a deed to land is made and a mortgage taken from the vendee to secure the balance of the purchase price, the mortgage will be prior to one previously given by the grantee. Turk v. Funk, 68 Mo. 18; Rogers v. Tucker, 94 Mo. 346; Demeter v. Wilcox, 115 Mo. 635; Winn v. Lippincott Invest. Co., 125 Mo. 528; 1 Jones on Mort. (4 Ed.), secs. 464-5-6; 2 Washburn on Real Prop. (3 Ed.), p. 110; Brown v. Phillips, 40 Mich. 264. The fiction of relation back of an after-acquired title can not be so applied as to work an injury to innocent parties. 1 Jones on Mort. (4 Ed.), sec. 679. A previous conveyance or mortgage may be good between the parties and may cover an after-acquired title, except as against a mortgage given simultaneously. Heffron v. Flanigan, 37 Mich. 274; Elder v. Derby, 98 Ill. 228. (5) A vendor, by taking a mortgage on the land conveyed for the balance of the purchase money, waives his vendor's lien, but

he does not waive the vendor's priority to have the purchase money first paid under the mortgage. Rogers v. Tucker, 94 Mo. 351; Winn v. Lippincott Invest. Co., 125 Mo. 544; Curtis v. Root, 20 Ill. 53; Adams v. Cowherd, 30 Mo. 458; Strickland v. Summerville, 55 Mo. 164.

GANTT, J.—This is a suit in ejectment for the southeast quarter of the southwest quarter of section 27, township 29, of range 29, Jasper county, brought in the circuit court of Jasper county, November 16, 1897. There is no dispute as to the facts.

F. W. Wendler is the common source of title. F. W. Wendler died testate, in Jasper county, in July, 1891. That part of his will (dated June 21, 1881) affecting the title to the forty acres of land in controversy, is as follows:

"Unto my nephew, Herman Schutz, son of C. H. Schutz and wife, she being formerly Christina Wendler, I devise the inheritance of one hundred acres, more or less, that is to say, the south half of the southwest quarter of section number twenty-seven, of township number twenty-nine of range number twenty-nine; also, the west half of the southwest quarter of the southeast quarter of section number twenty-seven of township number twenty-nine of range number twenty-nine, all in the county of Jasper, and State of Missouri, with this exception: in case my sister Fredericka Wendler, who is now in Germany, comes to this country, it is intended by the testator that she shall have a dowry, in and to the following real estate above named, that is to say, the southeast quarter of the southwest quarter of said section twenty-seven, but in case that she remains in Germany, then upon the death of the testator, the said Herman Schutz, his administrator or guardian, shall have immediate possession and control of the aforesaid

Vol 163 mo—28

one hundred acres of land, as above described."

The testator's sister, as above named, Fredericka Wendler, is the plaintiff in this case, and came to this country from Germany before the testator's death, and has continued to reside in the United States. The testator's nephew, Herman Schutz, had his name changed by an order of the circuit court of Jasper county to Herman R. Wendler, and in the deeds, mortgages and court proceedings hereinafter recited is designated by the name of Herman R. Wendler.

On the sixth day of November, 1893, said Herman R. Wendler (formerly Schutz), conveyed by way of mortgage to the appellant, Thomas Lambeth, the whole of the one hundred acres of land (including the forty acres in controversy) devised to him by the will of his uncle, said mortgage deed being in the common form, with power of sale in the mortgagee, and containing the statutory covenants implied in the words "grant, bargain and sell," and being effectual to pass all after-acquired title, which mortgage deed was duly filed for record in the recorder's office of said Jasper county on the same day of its execution, and was given to secure a note for $800 and seven per cent interest thereon, due in one year, and which indebtedness has never been paid.

After the execution of the foregoing mortgage deed and before its foreclosure, the plaintiff and respondent herein, on August 12, 1896, conveyed the land in controversy by a quit-claim deed to said Herman R. Wendler (formerly Schutz). Subsequently the appellant, Thomas Lambeth, brought foreclosure proceedings in the circuit court of Jasper county against Herman R. Wendler and his wife, and obtained a judgment for the foreclosure of his mortgage on the fifth of October, 1897, and at a foreclosure sale thereunder appellant Lambeth bought the whole one hundred acres, including the forty acres in controversy, for five hundred and thirty-five dollars, leav-

ing the balance owing on his judgment still due him, and received a sheriff's deed under said sale, dated November 11, 1897, and which sheriff's deed was by appellant promptly recorded, and under which mortgage and sale thereunder, appellant Lambeth went into possession of the land and at the institution of this suit he was in possession of the land in controversy together with the balance of the one hundred acres, as aforesaid. The foregoing constitutes appellant's claim to title and possession in this case.

The respondent's claim is based on the following additional facts, viz.: At the time she made said quitclaim deed for the land in controversy, to said Herman R. Wendler, to-wit, August 12, 1896, said Herman R. Wendler and wife conveyed by a deed of trust to A. L. Thomas as trustee, the one hundred acres of land previously mortgaged by Wendler to appellant, and which included the land in controversy, and also a tract of three acres and two other small tracts, to secure the payment of a note of that date payable to respondent, due in one year, for seventeen hundred and ninety dollars bearing seven per cent interest. Included therein, as shown by the evidence, was the sum of $641.50, which said Wendler had agreed to pay respondent for the execution of the quitclaim deed to the land in controversy, said deed of trust reciting that "the sum of $641.50 of the promissory note described below is for the purchase price of the southeast quarter of the southwest quarter of section 27, township 29, range 29, this day sold by the party of the third part to Herman R. Wendler, one of the parties of the first part, the balance of said promissory note being for money due and owing the said party of the third part from the said Herman R. Wendler."

Afterwards, on the twenty-fifth day of September, 1897, said A. L. Thomas as trustee, sold the land conveyed in said deed of trust, in pursuance of the provisions of said deed, to

respondent, and delivered to her his trustee's deed therefor under said sale.

The appellant, at the trial, objected to the introduction in evidence of said deed of trust and trustee's deed, for the reason that they did not tend to show title in respondent, and that the mortgage to appellant was prior and paramount thereto, and that respondent under said will took no title to the land, and that the trustee's deed only conveyed to respondent the equity of redemption of Herman R. Wendler, the legal title under his mortgage being in appellant, which objections the court overruled, to which rulings the appellant excepted.

At the request of the respondent the court declared the law to be (1) that under the will of F. W. Wendler, the respondent took a life estate in all the land in controversy; (2) that under the trustee's deed the respondent became re-possessed of such title as she had in the land in controversy previous to the execution of the quitclaim deed to Herman R. Wendler, and that the "title conveyed by said quitclaim deed did not vest in and enure to the benefit of the defendant as prior mortgagee."

And the court refused declarations of law, asked by the appellant, to the effect (1) that under said will, respondent took no interest in said land, and in no event could her interest exceed the undivided one-third for her natural life; (2) that respondent's quitclaim deed conveyed all her interest to Herman R. Wendler, which under his mortgage to appellant enured to appellant's benefit, as prior mortgagee; (3) that respondent by accepting a deed of trust conveying more land to her trustee than was conveyed by her quitclaim deed and securing a greater indebtedness than the purchase price of the land in controversy, had waived all her right to set up any claim for such purchase price paramount to appellant, and had no ven-

dor's lien or other prior right, and not having shown a legal title, could not recover.

The court thereupon rendered judgment for respondent for all the land in controversy, and the court having overruled appellant's motion for a new trial, and appellant having saved timely exceptions to all adverse rulings of the court, duly took his appeal to this court.

I.   Two questions arise for our solution, upon the foregoing statement:

First.   What estate, if any, was devised by the will of F. W. Wendler to his sister, Fredericka, the plaintiff herein?

Second.   If she took a life estate in the forty acres described in the will and in her petition herein, did her conveyance to Herman R. Wendler and taking back a deed of trust thereon, together with other lands, and for a debt other than the purchase money, destroy her priority of lien and render her claim subordinate to the mortgage of defendant, given by said Herman to the defendant, prior to her conveyance to said Herman?

. By his will, F. W. Wendler, the common source of title, devised one hundred acres, including the forty in controversy, to his nephew Herman.

He gave him "the inheritance in said one hundred acres," evidently intending by these words the fee simple therein, "with this exception: in case my sister Fredericka Wendler who is now in Germany, comes to this country, it is intended by the testator that she shall have a dowry in and to the following real estate above named, that is to say, the southeast quarter of the southwest quarter of said section 27, but in case she remains in Germany then upon the death of the testator the said Herman, his administrator or guardian, shall have immediate possession and control of the aforesaid one hundred acres."

The plaintiff asserts that by these words the testator devised a life estate in the forty in suit, and so the circuit court adjudged, but defendant maintains that "dowry" and "dower" are synonymous and always mean a life estate in one-third of the land of which the husband was seized during marriage, and apply to no one but the wife, and as Fredericka was not the testator's wife, the word "dowry" in the will must be held to be meaningless, but under no circumstances could it mean more than one-third of the land mentioned. It is perfectly obvious that the word was not used in a technical sense. The relation of the parties, the testator being the brother of the devisee, forbids such a construction.

This is one of those cases in which this court must construe the will "without resorting to lexicographers to determine what the same word may mean in the abstract; or to adjudicated cases to discover what it may have been decided to mean under different circumstances." [Dugans v. Livingston, 15 Mo. mar. page 234; Carnagy v. Woodstock, 2 Munford, 239.]

After defining dower and giving its derivation, the compiler of Webster's International Dictionary says, "Dower in modern use is and should be distinguished from dowry. The former is a provision for a widow on her husband's death; the latter is a bride's portion on her marriage."

The testator did not intend to provide for his widow, nor was it a bride's portion, but he clearly intended a provision for his sister in forty acres of the land devised to his nephew. He had given the fee to the whole to the nephew, subject to this provision for the sister in this forty. Looking at the whole will, and the relation of the parties, we think the circuit court correctly held that his intention was to give his sister a life estate in this forty acres if she came to America to live. She came and lived with him for years before his death, and thus complied with the condition.

This view is strengthened by the further provision in the will that if she did not come to this country, the nephew was to have possession of. the whole hundred acres, thus impliedly saying that if she came, he was not to have possession of this forty during her life, but the remainder only in fee. This will was evidently not drawn by a lawyer. The cases are numerous in which particular words used in a will, opposed to the intention of the testator, have been rejected as having been used by mistake or through ignorance of their force or have been construed to have the meaning of other words. The word "dowry" was obviously used by the testator in this way in this will. It is our duty to determine the intention of the testator if we can, notwithstanding his inaccuracy of language. Dr. Minor, in his most valuable Institutes, discussing the rules for the construction of deeds and wills, 2 vol., p. 948, says: "The two rules of most general application in construing writings are, (1) that they shall, if possible, be so interpreted 'ut res majis valeat quam pereat,' so that they shall have some effect rather than none; (2) that such a meaning shall be given to them as may carry out and most fully effectuate the intention of the parties." [Brooms Maxims, 413, et seq.]

If we ascribe to "dowry" its technical meaning, it would be utterly senseless in the connection in which it is used. If we give it a popular meaning as a portion or provision, it can well mean a use for life of the forty acres designated, and such we feel sure was the testator's intention, and that must govern in order that his words may avail something rather than nothing.

II. Having concluded that the will created a life estate in the forty acres in suit in Fredericka Wendler, we are brought to inquire what effect her deed to Herman and his deed of trust to her, executed simultaneously, had upon the prior deed of trust of the defendant?

It will be admitted that Herman's deed of trust or mortgage to defendant did not convey plaintiff's life estate. Did plaintiff's deed to Herman have the effect, by relation, of subjecting that life estate to defendant's prior mortgage in preference to the deed of trust given to her by Herman to secure the purchase money for said forty acres?

Unaffected by other considerations which we will mention later on, we think it is the settled law of this court that her deed of trust for the purchase alone was and is a prior lien to the mortgage given by Herman to defendant before Herman had acquired plaintiff's life estate.

It was said in Rogers v. Tucker, 94 Mo. 346, that it was but common legal learning that a mortgage for the purchase money, executed simultaneously with the deed to the purchaser, takes precedence and priority over liens created by the vendee prior to his acquisition of the title or before he had paid the purchase money. [Turk v. Funk, 68 Mo. 18; Curtis v. Root, 20 Ill. 53; Winn v. Lippincott Inv. Co., 125 Mo. 544.]

Pomeroy, in his Equity Jurisprudence, 2 vol., sec. 725 (2 Ed.), lays it down that "a mortgage to secure the purchase money of land, given at the same time with the deed of conveyance, or in pursuance of agreement as a part of the same transaction, has precedence, *so far as it is a charge upon the particular parcel of land, over judgments and other debts of the mortgagor.*"

Defendant contends that because plaintiff took a note not only for the purchase money for this forty acres, but for other indebtedness of Herman Wendler to her, and included other property in the deed of trust, she thereby lost her priority as to the tract of land she sold him; that her mortgage could not be a first lien on this tract and a second mortgage on the other property included in her deed of trust. Counsel for defendant argues that it is the well-settled rule that a vendor who

takes other security waives his vendor's lien, but it may be conceded that plaintiff by taking her mortgage waived her vendor's lien, yet it is equally well settled that by so doing, she does not waive her priority by taking her deed of trust for the purchase money. [Rogers v. Tucker, 94 Mo. 346; Winn v. Lippincott Inv. Co., 125 Mo. 544.] So that the cases cited as to waiver of vendor's lien do not affect the questions counsel now raise.

Her deed of trust in this case expressly recites the amount of the purchase money, and the particular land for which it is owing and it is only as to that tract that she is asserting a priority over defendant's mortgage. Nor do we discern any reason why a mortgagee may not take a first lien on one tract and a second lien on another, especially where the amount of the first lien is distinctly set forth in the deed of trust or mortgage.

The second mortgagee or purchaser can insist that the tract on which she holds the first lien shall be separately sold to satisfy the amount of the purchase money, first, and this may all be done under the legal power in the deed of trust without resort to equity, and without affecting the priority of the prior mortgage on the lands not mortgaged for the purchase money. This was the view of the circuit court, and we think it was correct. Plaintiff's mortgage for the purchase money having matured and default having occurred and the trustee having sold the forty acres in suit to satisfy the purchase money and plaintiff having bought it in and received her deed under that sale, she had the title and was entitled to recover in ejectment.

The judgment is affirmed. *Sherwood, P. J.,* and *Burgess, J.,* concur.