**WESTINGHOUSE ELECTRIC COMPANY**

v.

**VANN REALTY CO. et al.**

**REEVES–WIEDEMAN CO. et al.**

v.

**APPLEWOOD AT THE COVES CORPORATION et al.**

**IOWA SECURITIES COMPANY, now Banco Mortgage Company, Appellant,**

v.

**TRUOG NICHOLS, INC., Respondent.**

No. 59858.

Supreme Court of Missouri,
En Banc.

July 24, 1978.

Lawrence D. Blume, Milton C. Clarke, Kansas City, for appellant.

James P. Jouras, Tucker, Charno, Willens, Jouras & Tucker, Kansas City, for respondent.

FINCH, Judge.

On May 21, 1973, Applewood at the Coves Corporation (Applewood) purchased land on which to construct multi-unit apartment buildings. Concurrently, it executed a first deed of trust to a trustee for a firm later known as Banco Mortgage Company (Banco) to secure a loan evidenced by a note for $2,150,000. $177,000 of the amount represented by the note was to be and, in fact, was used to purchase the land. The remainder of the loan was to be used for construction of the apartment buildings. This deed of trust was recorded May 22, 1973.

On May 30, 1973, Truog Nichols, Inc. (Truog) entered into a contract with the general contractor on the job, Vann Realty Company (Vann), to furnish and install heating and air conditioning units in the apartments. It commenced work and from time to time received payments totaling $121,254.10 against its total contract price plus extras of $134,682.10. The work was completed but Applewood experienced financial difficulties and a balance of $13,428 due Truog was not paid. On February 22, 1975, Truog filed notice of intention to file a mechanic's lien therefor and on March 10, 1975, its lien statement was filed.

Subsequently, this equitable mechanic's lien action was instituted pursuant to § 429.270 [1] to determine rights as between mechanic's lien claimants, holders of other liens and the leasehold owners. Truog, named as one of the defendants, cross-claimed against Vann to recover the balance allegedly due. It also sought to establish a mechanic's lien in the amount of the judgment and an adjudication that the lien enjoyed priority over the deed of trust given by Applewood to Banco.

The trial court entered judgment for Truog against Vann for $13,428, established a mechanic's lien therefor on the land and improvements and adjudged the lien prior to the deed of trust held by Banco. Only Banco appealed. We have jurisdiction because one of the defenses asserted by Banco involves the question of whether §§ 429.050 and 429.060, which provide for the priority granted to Truog's lien, are unconstitutional as violative of the due process clauses of the fourteenth amendment of the United States Constitution and Article I, § 10, of the Missouri Constitution.

The threshold question presented is whether Truog filed its lien statement within four months after the indebtedness accrued as required of subcontractors by § 429.080. Whether it did depends on whether Truog in performing its contract did its last work on the project within four months of the date on which the lien statement was filed.

Truog offered evidence that after the air conditioning units were installed and after they were hooked up by the electrical contractor, it was necessary to charge the units with freon and perform a procedure referred to as "check, test and start" and that the air conditioning system could not be considered operational until these things were done. There was evidence that the last "check, test and start" work by Truog was done on November 22, 1974, which was within 4 months of the time Truog filed its lien claim. Banco offered evidence which would have supported a finding that Truog's installation work was completed by sometime in September 1974, more than four months before the lien statement was filed, and contends that the "check, test and start" work performed after that time was either non-lienable work because not required by the contract or, if required, *de minimus* and insufficient to extend the filing date.

The trial court, by its decree, found the issues in favor of Truog, entering a judgment against Vann for $13,428 and

1. All statutory references are to RSMo 1969 unless otherwise indicated.

Where, as here, there is more than one lien claimant, an equitable action to adjudicate all claims in a single action may be brought.

holding that Truog was entitled to a mechanic's lien for said sum against the real estate and improvements thereon. The court was not requested to make and did not make findings of fact and conclusions of law. However, it is presumed to have made findings in accordance with the decree it entered. Rule 73.01(1)(b), V.A.M.R.; *Collins v. Bowyer,* 524 S.W.2d 190 (Mo.App. 1975). That necessarily includes a finding that the "check, test and start" work was necessary to completion of the contract and that the lien statement was filed within the time required by § 429.080. Under the rule announced in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976), we do not disturb that finding as to timeliness of filing because there is substantial evidence to support it and it is not against the weight of the evidence. It does not erroneously apply the law.

The only Missouri case cited by Banco to support its contention that the court erred in finding the lien statement was timely filed is *Floreth v. McReynolds,* 205 Mo.App. 143, 244 S.W. 995 (1920). That case clearly is distinguishable because the system installed by the contractor therein was fully operational a year before he returned to the job to charge the batteries, hook up a drain pipe and instruct the owner on operation of the system. Likewise, in the out-of-state cases cited by Banco, the work relied on to extend the period for filing a lien statement consisted of adjusting or servicing a unit already fully operational. Those cases do not apply to the situation in this case wherein the work relied upon to extend the time for filing a lien claim was necessary to complete the job and make the system operational. We overrule Banco's claim that Truog's lien statement was not filed within the time permitted by § 429.080.

Banco's principal contention is that the trial court erred in adjudging Truog's mechanic's lien superior to the deed of trust held by Banco for the reason that §§ 429.-050 and 429.060 which provide for such priority are unconstitutional as violative of the due process clauses of Article I, § 10 of the Missouri Constitution and of the fourteenth amendment of the United States Constitution. This contention is based on the proposition that Banco's property rights represented by its prior recorded note and deed of trust were diminished and adversely affected without adequate notice or an opportunity to be heard in a timely and meaningful manner.

In *Home Building Corporation v. The Ventura Corporation,* 568 S.W.2d 769, decided concurrently, we dealt with this same contention except that in *Home Building* it was claimed that all of Chapter 429 pertaining to mechanic's liens is unconstitutional. We rejected that contention and held Chapter 429 constitutional. For the same reasons expressed therein, we reject Banco's claim that §§ 429.050 and 429.060 are unconstitutional.[2]

Banco next asserts that by executing a lien waiver for all sums due for services rendered and materials furnished prior to August 8, 1974, Truog expressly waived its lien rights except for services rendered and materials furnished thereafter in the amount of $3,928. This contention relies on language stamped immediately above Truog's endorsement on the back of a check from Vann to Truog dated August 8, 1974. That endorsement was as follows:

"Endorsement hereon constitutes satisfaction and release of all mechanic's lien rights for services rendered and materials furnished prior to the date hereof."

**2.** Banco has even less basis for claiming deprivation of a significant property interest than did Authority in *Home Building*. It is merely another lienholder, not the owner of the property. As such, Banco's interest has remained intact from the time of recording. To the extent subordination of this interest to Truog's lien may be said to deprive Banco of a significant property interest, the deed of trust was subordinated only after a full trial on the merits of the claim and not when the lien was filed. Only one reported case involving a lienholder as the party challenging a mechanic's lien statute has been cited. In that case, *Bankers Trust Co. v. El Paso Pre-Cast Co.,* 560 P.2d 457 (Colo. 1977), the court held that the mechanic's lien law did not deprive said lienholder of a significant property interest when the lien was filed.

We disallow this contention. Waiver is an affirmative defense which must be pleaded. Rule 55.08, V.A.M.R. Banco's pleadings did not rely on or even mention waiver. The defense apparently was raised for the first time in a post-trial brief. Since the defense was not pleaded, it has not been preserved for our review. Accordingly, we do not even reach the alternative contentions by Truog that the evidence was insufficient to support a claim of waiver.

Finally, Banco asserts that the trial court erred in adjudging that Troug's lien was prior to and superior to the purchase money portion of its deed of trust. We find merit in this contention.

Mechanic's liens do not take precedence over a purchase money deed of trust which secures repayment of funds used to purchase land upon which the improvements giving rise to the lien claims are erected. *Joplin Cement Co. v. Greene County Bldg. & Loan Ass'n,* 228 Mo.App. 883, 74 S.W.2d 250 (1934); Comment, 42 Mo.L.Rev. 53, 66–69 (1977). Truog concedes that $177,000 of the Banco deed of trust was intended to be used for the purpose of purchasing the tract on which the apartments were to be built and that, in fact, it was so used. Therefore, to the extent of $177,000 the Banco deed of trust constituted a purchase money mortgage which is entitled to priority over Truog's lien.

Truog seeks to avoid this normal purchase money mortgage priority on the basis that Banco waived any priority its deed of trust might have had. We find no testimony to support a finding of waiver. There was no testimony to show involvement of Banco in the project other than as a lender of funds. Truog claims that the building loan agreement which governed disbursement of funds would support its position, but no effort to introduce that agreement into evidence was made. Truog relies solely on statements in the note and deed of trust. They are insufficient to create a waiver or to subordinate Banco's purchase money mortgage to Truog's mechanic's lien. We hold that in this case there was not evidence to support a finding of waiver. *See* Comment, 42 Mo.L.Rev. 53, 73–74 (1977). Therefore, the trial court erred in subordinating the purchase money portion of the deed of trust ($177,000) to Truog's mechanic's lien.

The judgment is reversed and the cause remanded with directions to enter judgment in accordance with the views herein expressed.

MORGAN, C. J., and BARDGETT, DONNELLY, RENDLEN, and SEILER, JJ., concur.

SIMEONE, J., not participating because not a member of the court when cause was submitted.