BOB DeGEORGE ASSOCIATES, INC., Respondent,

KD Christian Construction Co., Respondent,

v.

HAWTHORN BANK, Appellant.

No. SC 91897.

Supreme Court of Missouri, En Banc.

Sept. 11, 2012.

Clay Britton, John T. Coghlan, Brett Coppage, Lathrop & Gage LLP, Kansas City, for Hawthorn Bank.

Amy J. Tillery, Danne Webb, Ande S. McMurtry, Horn, Aylward & Bandy LLC, Kansas City, for DeGeorge.

G. Stephen Ruprecht, David A. Meyers, Brown & Ruprecht PC, Kansas City, for KD Christian.

Duane E. Schreimann, Michael Smidt, of Schreimann, Rackers, Francka & Blunt LLC, Jefferson City, for Missouri Bankers Ass'n, which filed a brief as a friend of the Court.

Lee B. Brummit, Patrick C. Guiness, Dysart, Taylor, Cotter, McMonigle & Montemore PC, Kansas City, for The Builders' Association and The American Subcontractors Association-Kansas City Chapter, which filed a brief as a friend of the Court.

PATRICIA BRECKENRIDGE, Judge.

Hawthorn Bank appeals the trial court's entry of summary judgment in favor of Bob DeGeorge Associates, Inc., and KD Christian Construction Company on Hawthorn Bank's claim that its purchase-money deed of trust takes priority over the mechanics' liens filed by DeGeorge and KD Christian, despite the purchase-money deed of trust being recorded after the mechanics' liens attached to the property. Hawthorn Bank claims that the trial court erred in finding that the mechanics' liens take priority over the purchase-money deed of trust. It asserts that purchase-money deeds of trust are always superior in priority to mechanics' liens under Missouri law and that the recording statutes, sections 442.380 and 442.400,[1] do not govern the relative priority of a purchase-money deed of trust over a mechanic's lien. Because sections 442.380 and 442.400 provide that Hawthorn Bank's purchase-money deed of trust is not valid until recorded and because the mechanics' liens attached before it was recorded, the purchase-money deed of trust is a subsequent encumbrance that is inferior in priority to the mechanics' liens. The judgment of the trial court is affirmed.

## Factual and Procedural Background

On June 4, 2008, Blue Springs Xtreme Powersports purchased a building and three tracts of land. To facilitate the purchase of the property, Xtreme obtained a loan from Hawthorn Bank in the amount of $2,512,500, which Hawthorn Bank secured by taking a purchase-money deed of trust on the property.[2] Neither the warranty deed to Xtreme nor Hawthorn Bank's purchase-money deed of trust was recorded at that time.

Prior to its purchase of the property, Xtreme entered in to a contractual agreement with DeGeorge, a general contractor, to remodel the building located on the property. Two days after the purchase, on June 6, 2008, DeGeorge began work on the project. His subcontractor, KD Christian, began work on June 17, 2008. DeGeorge and KD Christian completed work on the project pursuant to the contract, but Xtreme never paid the $147,883.70 it owed to DeGeorge and, as a result, De-

---

1. Unless provided otherwise, all statutory references are to RSMo 2000.

2. The parties do not dispute the classification of Hawthorn Bank's deed of trust as a purchase money deed of trust.

George never paid the $17,532.83 it owed to KD Christian.

On November 18, 2008, DeGeorge filed a mechanic's lien against the property in the amount of $147,833.70 pursuant to section 429.080, RSMo Supp.2011.[3] One day later, on November 19, 2008, the warranty deed to Xtreme and Hawthorn Bank's purchase-money deed of trust were recorded. KD Christian then filed a mechanic's lien on January 20, 2009.

To foreclose on its mechanic's lien, De-George brought an action against Xtreme, and KD Christian intervened to do the same. DeGeorge and KD Christian then brought claims against Hawthorn Bank, seeking to enforce their mechanics' liens by establishing the priority of their mechanics' liens over Hawthorn Bank's purchase-money deed of trust on the property. On January 15, 2010, DeGeorge filed a motion for summary judgment against Hawthorn Bank. In response, Hawthorn Bank filed motions for summary judgment against DeGeorge and KD Christian, asserting the superiority of its purchase-money deed of trust against their mechanics' liens. On May 5, 2010, the trial court found that DeGeorge's mechanic's lien is superior and granted its motion for summary judgment, denying Hawthorn Bank's motions for summary judgment against DeGeorge and KC Christian. On the same date, the trial court entered its judgment, which provided that DeGeorge and KD Christian were entitled to enforce and foreclose on their liens. Hawthorn Bank appealed to the court of appeals. After an

opinion, this Court granted transfer. Mo. Const. art. V, sec. 10.

## Standard of Review

Summary judgment is appropriate only when the moving party demonstrates that "there is no genuine dispute as to the facts" and that "the facts as admitted show a legal right to judgment for the movant." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). The movant bears the burden of establishing both a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment. *Id.* at 378. The propriety of summary judgment is purely an issue of law, and this Court's review is essentially *de novo. Id.* at 376. "As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." *Id.*

In Hawthorn Bank's sole point on appeal, it claims that the trial court erred in overruling its motion for summary judgment because established law provides that a purchase-money deed of trust takes priority over a mechanic's lien, regardless of when it arises. A trial court's overruling of a motion for summary judgment generally is not subject to appellate review. *Dhyne v. State Farm Fire and Cas. Co.*, 188 S.W.3d 454, 456 n. 1 (Mo. banc 2006). In rare circumstances, however, the overruling of a party's motion for sum-

3. Section 429.080, RSMo Supp.2011, requires that mechanic's lien claimants file a statement with the county circuit court describing the amount due and the property that is subject to the lien within six months after the indebtedness has accrued. The provision states, in relevant part:

It shall be the duty of every original contractor ... within six months after the in-

debtedness shall have accrued ... to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property....

Section 429.080, RSMo Supp.2011.

mary judgment can be reviewed when its merits are intertwined completely with a grant of summary judgment in favor of an opposing party. *Id.; see also Transatlantic Ltd. v. Salva,* 71 S.W.3d 670, 675–76 (Mo.App.2002). In this case, the trial court overruled Hawthorn Bank's motion for summary judgment and granted DeGeorge's parallel motion. Because the merits of each motion for summary judgment involve the relative priority of two mechanic's liens and a purchase-money deed of trust, the merits are intertwined completely. This Court, therefore, will review the propriety of the trial court's grant of summary judgment to DeGeorge, which will include review of the overrulings of Hawthorn Bank's motions for summary judgment.

## Discussion

■■■■ The relative priorities of a mechanic's lien and a purchase-money deed of trust are governed by operation of Missouri's recording statutes and the statutory rules of priority for mechanic's liens. Missouri's recording statutes are enumerated in sections 442.380 and 442.400. Section 442.380 states, "Every instrument in writing that conveys any real estate or whereby any real estate may be affected, in law or equity ... shall be recorded in the office of the recorder of the county in which such real estate is situated." This provision provides a centralized depository for land-title information and "imparts notice to all persons and all subsequent purchasers" of prior conveyances and encumbrances that are recorded on the property. *Godwin v. Gerling,* 362 Mo. 19, 239 S.W.2d 352, 360 (1951). For instruments covered by section 442.380, section 442.400 provides the consequence for failing to record the instrument with the applicable office of the recorder. Section 442.400 states, "[N]o such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." The practical effect of section 442.400 is to postpone the effectiveness of an unrecorded instrument against a third party who does not have actual knowledge of the instrument. *Smith v. Equitable Life Assur. Soc. of U.S.,* 448 S.W.2d 588, 594–95 (Mo.1970). Accordingly, the recording statutes serve to protect persons who acquire an interest in the real property without notice of prior encumbrances and to "establish[ ] a system of statutory priorities" for encumbrances affecting the real property. *See Dreckshage v. Cmty. Fed. Sav. & Loan Ass'n,* 555 S.W.2d 314, 319 (Mo. banc 1977) (quoting 6 *Powell on Real Property* 913 (1977)).

■■■■ As a written instrument affecting real estate, a purchase-money deed of trust falls under the requirements of Missouri's recording statutes. A deed of trust is a form of mortgage consisting of an instrument that uses an interest in real property as security for performance of an obligation. Restatement (Third) of Property (Mortgages) section 1.1 (1997). A deed of trust constitutes a *purchase-money* deed of trust when it is one that "a buyer gives the seller, when the property is conveyed, to secure the unpaid balance of the purchase price." BLACK'S LAW DICTIONARY 1235 (6th ed.1990). Because the purchase-money deed of trust in this case conveyed an interest in real estate to secure the balance of the purchase price, it is subject to the recording statutes and, therefore, invalid against third parties with no actual notice until recorded. *See* section 442.380; *Woodard v. Householder,* 315 Mo. 1155, 289 S.W. 571, 574–75 (1926) (holding a purchase-money mortgage inferior to a subsequent mortgage that was recorded prior-in-time under the recording statute).

In contrast to a purchase-money deed of trust, mechanics' liens are not governed by Missouri's recording statutes because they arise by operation of statute. Mechanics' liens arise for the purpose of giving "security to mechanics and material for labor and materials furnished in improving the owner's property[.]" *R.L. Sweet Lumber Co. v. E.L. Lane, Inc.*, 513 S.W.2d 365, 371 (Mo. banc 1974). Because the mechanics' lien statutes are remedial in nature, they are construed favorably to uphold the rights of laborers and materialmen. *Id.; Cork Plumbing Co., Inc. v. Martin Bloom Assocs., Inc.*, 573 S.W.2d 947, 953–54 (Mo.App.1978).

Section 429.010, RSMo Supp.2011, provides the circumstances in which a mechanic's lien attaches. It states, in relevant part:

> Any person who shall do or perform any work or labor upon land ..., upon complying with the provisions of sections 429.010 to 429.340, shall have for his or her work or labor done ... a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated ... to secure the payment of such work or labor done[.]

Section 429.010.1, RSMo Supp.2011. A mechanic's lien attaches to the structure and any improvements to that structure as well as to the land on which that structure is located. *Id.; Union Elec. Co. v. Clayton Center Ltd.*, 634 S.W.2d 261, 263 (Mo. App.1982). Once a mechanic's lien arises under section 429.010, it must be filed properly with the relevant county's circuit clerk to be enforceable. Section 429.080, RSMo Supp.2011; *Sears, Roebuck & Co. v. Seven Palms Motor Inn, Inc.*, 530 S.W.2d 695, 698 (Mo. banc 1975).

Unlike recording an instrument under the recording statutes, filing a mechanic's lien is irrelevant for the purpose of determining first-in-time priority between competing encumbrances on real property. Two statutory provisions govern the priority of a mechanic's lien against other encumbrances on real property. For encumbrances on the land, the "first spade rule" under section 429.060 gives the mechanic's lien relation-back priority to the date when work commenced:

> The lien for work and materials as aforesaid shall be preferred to all other encumbrances *which may be attached* to or upon such buildings, bridges or other improvements, or the ground, or either of them, *subsequent to the commencement of such buildings or improvements.*

(Emphasis added). So long as a mechanic's lien arises on the land and is filed properly, it will have priority over any third-party encumbrance attaching after the date work began. *Id.; Drilling Serv. Co. v. Baebler*, 484 S.W.2d 1, 9–10 (Mo. 1972). In contrast to a mechanic's lien attached to the land, section 429.050 gives a mechanic's lien attached to the structure or improvements priority over all other encumbrances:

> The lien for things aforesaid, or work, shall attach to the buildings, erections or improvements for which they were furnished or the work was done, in preference to any prior lien or encumbrance or mortgage upon the land upon which said buildings, erections, improvements or machinery have been erected or put[.]

Section 429.050 also permits the laborers or materialmen to "have such buildings, erections or improvements sold under execution, and the purchaser may remove the same within a reasonable time thereafter[.]" Under these provisions, the priority of a mechanic's lien will vary based on the type of property. A mechanic's lien on land is given relation-back priority under section 429.060, whereas a mechanic's lien

on a building, erection, or improvement is given complete priority under section 429.050.

■■■ The determination of priority between a mechanic's lien and a deed of trust attached to the land requires application of the recording statutes for the deed of trust and the first spade rule for the mechanic's liens. These rules apply to provide that a deed of trust recorded after the commencement of work on a project is inferior to any mechanic's liens arising on the land from that work. *See Drilling Serv. Co.*, 484 S.W.2d at 7–8 (holding a contractor's mechanic's lien superior to four deeds of trust because "[t]he site improvements commenced in May 1963, well prior to the date the first deed of trust was recorded on September 13, 1963."); *see also H. B. Deal Const. Co. v. Labor Disc. Center, Inc.*, 418 S.W.2d 940, 952 (Mo.1967) (holding a deed of trust superior to mechanic's lien because it was recorded prior to the commencement of work, but finding that the mortgagee waived the priority) *overruled on other grounds by R.L. Sweet Lumber Co. v. E.L. Lane, Inc.*, 513 S.W.2d 365, 371 (Mo. banc 1974); *Riverside Lumber Co. v. Schafer*, 251 Mo. 539, 158 S.W. 340, 342–43 (1913) ("[M]echanic's lien had precedence over the mortgage, for the reason that the appellant began to furnish the materials for the building September 19, 1905, and the mortgage was placed on record October 5th [of the] same year."); *Dave Kolb Grading, Inc. v. Lieberman Corp.*, 837 S.W.2d 924, 934 (Mo.App.1992) ("absent waiver, bank's lien under its deed of trust, if it was perfected prior to the commencement of any construction work, enjoys priority under § 429.060 with respect to the *ground* itself").

■■■ In applying the recording statutes and the first spade rule to this case, DeGeorge's and KD Christian's mechanic's liens are superior to Hawthorn Bank's purchase-money deed of trust as to both the land and the building. Although Hawthorn Bank obtained its purchase-money deed of trust on June 4, 2008, it failed to record its deed of trust until November 19, 2008. Under section 442.400, Hawthorn Bank's purchase-money deed of trust was not valid against third parties until that time. Both DeGeorge and KD Christian, however, commenced their work prior to November 19, 2008, beginning on June 6, 2008, and June 17, 2008, respectively. Under the relation-back priority provided by section 429.060 for mechanic's liens against the land, June 6 serves as the relevant date for determining first-in-time priority of the two mechanics' liens. " 'All mechanics' liens commence at the date of the first stroke of the axe or spade, and continue in the erection of [a structure], without regard to the time of their being filed, or of the doing of the work or furnishing the materials.' " *Schroeter Bros. Hardware Co. v. Croatian "Sokol" Gymnastic Ass'n*, 58 S.W.2d 995, 1003 (Mo.1932). Because the purchase-money deed of trust was not valid against third parties who had no actual notice at the time work commenced, it is a subsequent encumbrance, and both mechanics' liens are entitled to priority by operation of the recording statutes and the first spade rule. *See Drilling Serv. Co.*, 484 S.W.2d at 10. Furthermore, the mechanics' liens' priority over the purchase-money deed of trust under section 429.060 makes it unnecessary to determine the extent to which they would be entitled to priority for the improvements under section 429.050.

Notwithstanding the application of the recording statutes to this case, Hawthorn Bank contends that its lien against the land should be entitled to priority because it is a purchase-money deed of trust. It contends that purchase-money deeds of trust are always superior to mechanics'

liens, regardless of when the purchase-money deed of trust was executed or recorded. In support, it cites a statement from this Court in *Westinghouse Electric Co. v. Vann Realty Co.*, 568 S.W.2d 777, 781 (Mo. banc 1978), and three cases citing the statement: *Glenstone Block Co. v. Pebworth*, 264 S.W.3d 703 (Mo.App.2008); *Butler v. Coon's Creek, Inc.*, 999 S.W.2d 748 (Mo.App.1999); and *Allied Pools, Inc. v. Sowash*, 735 S.W.2d 421 (Mo.App.1987).

In *Westinghouse*, this Court determined the priority between a deed of trust, a portion of which secured a loan for purchase-money, and a mechanic's lien arising from work on the property. 568 S.W.2d at 779. The bank recorded the deed of trust prior to commencement of work on the property. *Id.* This Court held that the purchase-money portion of the deed of trust was superior to the mechanic's lien. *Id.* at 781. In doing so, this Court broadly stated, without reference to section 442.400, that "[m]echanic's liens do not take precedence over a purchase money deed of trust which secures repayment of funds used to purchase land upon which the improvements giving rise to the lien claims are erected." *Id.* (citing *Joplin Cement Co. v. Greene County Bldg. & Loan Ass'n*, 228 Mo.App. 883, 74 S.W.2d 250, 251 (1934)). The result in *Westinghouse* is consistent with the general application of the recording and mechanic's lien statutes because the purchase-money deed of trust was recorded prior to commencement of work on the property.

Hawthorn Bank argues that the broad statement in *Westinghouse* demonstrates this Court's intention to give priority to purchase-money deeds of trust over mechanics' liens in all circumstances. Such an application of the statement in *Westinghouse* would be contrary to well-established law:

There is no doctrine better settled than that the language of judicial decisions must be construed with reference to the facts and issues of the particular case, and that the authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to the decision.

*Parker v. Bruner*, 683 S.W.2d 265, 265 (Mo. banc 1985) (quoting *State ex rel. Baker v. Goodman*, 364 Mo. 1202, 274 S.W.2d 293, 297 (1954)). The decision in *Westinghouse* is limited to the facts of that case, which were that the purchase-money mortgage found to have priority was recorded prior to commencement of work by the general contractor.

Application of the statement in *Westinghouse* as urged by Hawthorn Bank would be inconsistent with the recording statutes. Specifically, the plain language of sections 442.380 and 442.400 require *all* instruments affecting real estate, purchase-money or otherwise, to be recorded to be valid against third parties with no actual notice. *See* Thomas B. Becker & Dana Hockensmith, Comment, *Mechanic's liens—Priority Over Mortgages and Deeds of Trust*, 42 Mo. L.Rev. 53 (1977) ("In general, questions of priority between mechanic's liens and purchase-money mortgages are resolved in the same manner as if a non-purchase money mortgage were involved.").

In urging a broad application of the statement in *Westinghouse*, Hawthorn Bank cites the rules for determining priority in situations in which an encumbrance of the purchaser-mortgagor arises prior to transfer of title under a contract of sale that is financed by a purchase-money mortgage. *See, e.g., Joplin Cement Co.*, 74 S.W.2d at 251 (determining the priority of a mechanic's lien that attached prior to close of the contract of sale and cited by

*Westinghouse* as support). Under this circumstance, courts apply a narrow exception to the recording statutes recognized in section 7.2(b) of the Restatement (Third) of Property (Mortgages). Section 7.2(b) states that:

> A purchase money mortgage, whether or not recorded, has priority over any mortgage, lien, or other claim that attaches to the real estate but is created by or arises against the purchaser-mortgagor prior to the purchaser-mortgagor's acquisition of title to the real estate.

This Court expressly adopted this exception as "common legal learning" in *Rogers v. Tucker*, 94 Mo. 346, 7 S.W. 414, 416 (1888). *See also Wendler v. Lambeth*, 163 Mo. 428, 63 S.W. 684, 686 (1901); *Sutton Funding, LLC v. Mueller*, 278 S.W.3d 702, 704–05 (Mo.App.2009). This exception operates to protect the purchase-money mortgage from preexisting liens or claims against the mortgagor that would attach simultaneously to the newly acquired real estate and otherwise be entitled to priority. Section 7.2(b) cmt. b.[4]

▮▮▮ The exception frequently applies to preexisting judgments and other liens against the purchaser-mortgagor. It also applies to give purchase-money deeds of trust priority when a contractor commences work on a property prior to the closing of a sale contract. *See Joplin Cement Co.*, 74 S.W.2d at 251; Becker & Hockensmith, *supra*, at 68–70. The executory contract of sale deems the purchaser the owner of equitable title to the property, which is a sufficient interest for a mechanic's lien to attach. *See Hamilton v. Linn*, 355 Mo. 1178, 200 S.W.2d 69, 70 (1947). The mechanic's lien attaches only to the equitable title, however, as it cannot attach to a greater interest than that held by the purchaser. *Russell v. Grant*, 122 Mo. 161, 26 S.W. 958, 961 (1894). It is not until the closing that the purchaser acquires legal title to the property, at which point the mechanic's lien and the purchase-money deed of trust simultaneously attach to that interest. *Id.* Because the mechanic's lien and the purchase-money deed of trust attached to the legal title at the same time, the section 7.2(b) exception applies to protect the purchase-money deed of trust. *Woodard*, 289 S.W. 571, 574 (Mo.1926). As a result, the purchase-money deed of trust is superior to the mechanic's lien, even though the purchase-money deed of trust attached after the commencement of work on the property and was unrecorded at that time. *See Schroeter Bros. Hardware Co.*, 58 S.W.2d at 1002.

The protection of purchase-money deeds of trust in these instances is essential. Under the recording statutes, the impossibility of recording an interest before the purchaser acquires title exposes purchase-money lenders to the risk that liens arising from preexisting claimants will take priority over the lenders' interest in the financed property. The exception to the recording statutes reduces the title risk associated with purchase-money lending by making it unnecessary to search for preexisting judgments and liens against the purchaser-mortgagor, thereby encouraging purchase-money lending. Restatement (Third) of Property (Mortgages), Section 7.2(b) cmt. b. Furthermore, giving priority to preexisting claimants would confer on them an unwarranted windfall because the real estate would be completely unavailable to the claimant in the absence of purchase-money lending. *Id.* Nonetheless, section 7.2(b) comment. b af-

---

4. Section 7.2(b) comment.b also clarifies that a simultaneous execution of the mortgage and the deed are not required: "This rule applies even if the mortgage is not executed simultaneously with the deed to the mortgage, so long as the mortgage and the conveyance of title are intended to be part of one transaction."

firms the general rule that "recording is necessary in order to protect the purchase-money mortgagee against liens or other interests that arise against the purchaser-mortgagor *subsequently* to the latter's acquisition of title." *Id.*

The determination of priority between mechanic's liens and purchase-money deeds of trust in Missouri is consistent with the approach used in other jurisdictions. For example, the Supreme Court of Florida in *Van Eepoel Real Estate Co. v. Sarasota Milk Co.*, 100 Fla. 438, 129 So. 892, 897 (1930), held that purchase-money mortgages take precedence over any lien arising through the mortgagor, though the latter be prior in point of time, only "where the mechanic's lien is acquired for work done at the instance of the purchaser, and without the acquiescence of the vendor, *prior* to the execution of the mortgage." *Id.* In that case, the Florida court found that the mortgagee's failure to record permitted "the mechanic to bestow his labor upon the property in reliance upon the title as it appeared on the record." *Id.* at 896. This failure prevented the mortgagee from asserting priority under the recording statutes. *Id.* Other jurisdictions have discussed these principles and reached similar results. *See generally Midland Sav. Bank FSB v. Stewart Group, LC*, 533 N.W.2d 191, 194–95 (Iowa 1995); *Shade v. Wheatcraft Indus., Inc.*, 248 Kan. 531, 809 P.2d 538, 542 (1991); *Summer & Co. v. DCR Corp.*, 47 Ohio St.2d 254, 351 N.E.2d 485, 491–92 (1976).

Although Missouri recognizes the section 7.2(b) exception, it is inapplicable to this case. The undisputed facts establish that the mechanics' liens filed by De-

George and KD Christian arose *after* closing of the purchase contract and transfer of title to Xtreme. Giving priority to the purchase-money deed of trust under the circumstances of this case would be contrary to the recording statutes under sections 442.380 and 442.440 and the first spade rule under section 429.060. Hawthorne fails to identify any policy supporting such a broad rule. To the contrary, giving purchase-money deeds of trust priority over mechanics' liens in all circumstances would discourage prompt recording of liens on real estate after closing and would frustrate the purpose of the recording statutes to provide a system of statutory priorities for encumbrances on real estate based on constructive notice of prior encumbrances. *See Dreckshage*, 555 S.W.2d at 319.[5] To the extent that *Glenstone Block Co., Butler, Allied Pools*, or other cases have cited *Westinghouse* as authority for holding that unrecorded purchase-money deeds of trust are entitled to priority over mechanics' liens that arise after transfer of legal title, they are overruled.

### Conclusion

For the foregoing reasons, the mechanics' liens filed by DeGeorge and KD Christian are entitled to priority over Hawthorn Bank's purchase-money deed of trust. The judgment of the trial court is affirmed.

TEITELMAN, C.J., RUSSELL, FISCHER, STITH and DRAPER, JJ., and BURKEMPER, Sp.J., concur.

---

**5.** Applying such a broad rule also could lead to a circular result in situations in which a mechanic's lien arises after a purchase-money deed of trust but before a second deed of trust that is the first to be recorded. The purchase-money deed of trust would be superior to the mechanic's lien, yet the recorded deed of trust—which has priority over the purchase money deed of trust under the recording statutes—would be inferior to the mechanic's lien. *See Miller v. Stoddard*, 54 Minn. 486, 56 N.W. 131, 132–33 (1893).