**JIMMY JONES EXCAVATION, INC., et al., Respondents,**

v.

**LAWRENCE BANK, Appellant.**

**No. SD 32105.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 3, 2013.

---

Robert M. Pitkin and Ryan Curtis West-hoff, Levy Craig Law Firm, Kansas City, for Appellant.

Richard L. Schnake and Judson B. Pop-pen, Neale & Newman, LLP, Springfield, for Respondent, Jimmy Jones Excavation, Inc.

DANIEL E. SCOTT, P.J.

■ We consider the "section 7.2(b) exception" to mechanic's lien priority noted by our supreme court recently in *Bob De-George Associates, Inc. v. Hawthorn Bank*, 377 S.W.3d 592, 600–02 (Mo. banc 2012).[1] This is one of several appeals from an extensive bench trial involving many lien claimants, property owners, and lenders. This particular appeal and its dispositive issue are narrow, so we need summarize only a few facts.

## Background

A developer bought 823 acres in rural Stone County, intending to turn it all into

---

1. According to this "narrow" exception:

   A purchase money mortgage, whether or not recorded, has priority over any mortgage, lien, or other claim that attaches to the real estate but is created by or arises against the purchaser-mortgagor prior to the purchaser-mortgagor's acquisition of title to the real estate.

   *DeGeorge*, 377 S.W.3d at 601 (quoting Restatement (Third) of Property (Mortgages) § 7.2(b)).

a "mixed use, multi million dollar resort development." The following facts and timeline are not in dispute:

- **January 23, 2006**—Project construction begins. All mechanics' liens, filed later, relate back to this "first spade" date. *See DeGeorge,* 377 S.W.3d at 598, 599.

- **April 2006**—Parcel 34 (25.17 acres) is marked off and laid out for platting as an early project subdivision.

- **October 2006**—Parcel 34 plat is recorded, with all 159 building lots still owned by the developer. Site clearing, earthwork, road construction, utilities, and other infrastructure work follows as to all Parcel 34 lots.

- **November 2007 to February 2008**— Appellant ("Bank") is mortgage lender to buyers of five lots. Loans range from $235,000 to $446,000, with $135,000 of each loan disbursed as purchase money for the lot.

- **Fall 2008**—The project's key lender fails, as does the project. Work ceases and mechanics' liens are filed, leading to the underlying case.

Bank freely admits that valid mechanics' liens attached long before lot buyers took title or Bank's deeds of trust were recorded. This should give the mechanics' liens priority under the first spade rule. *See DeGeorge,* 377 S.W.3d at 598–99. The trial court so found.

On appeal, Bank takes issue in part, citing the section 7.2(b) exception mentioned in *DeGeorge,* a veritable mechanic's lien primer handed down during this appeal.[2]

### Section 7.2(b) Does Not Apply

■ Bank asserts that $135,000 of each of its five loans was "purchase money" which should have priority per section 7.2(b) as interpreted in *DeGeorge.* To quote Bank, this $675,000 should have "priority over the mechanic's liens, because all of the mechanic's lien claims attached to the real estate prior to the [lot buyers'] acquisition of title to the lots."

■ We disagree. Section 7.2(b)'s "purchaser-mortgagor" here is the individual lot buyer, so Bank's priority is over liens *created by or arising against a lot buyer.* Mentally substituting "lot buyer" thus shows this exception's limited scope and play. *See, e.g., DeGeorge,* 377 S.W.3d at 601 ("The exception frequently applies to preexisting judgments and other liens against the [lot buyer].").[3] Same for cases new and old cited by *DeGeorge* that favor purchase-money deeds of trust "over liens *created by the [lot buyer] prior to his acquisition of title*" [our emphasis]. *Sutton Funding, LLC v. Mueller,* 278 S.W.3d 702, 704 (Mo.App.2009); *Wendler v. Lambeth,* 163 Mo. 428, 63 S.W. 684, 686 (1901), *both cited in DeGeorge,* 377 S.W.3d at 601. This exception protects a purchase-money lender "from preexisting liens or claims against the [lot buyer] *that would attach simultaneously* to the newly acquired real estate and otherwise be entitled to priority*"* [our emphasis]. *DeGeorge,* 377 S.W.3d at 601.

To show that Missouri law thus "is consistent with the approach used in other jurisdictions," *DeGeorge* quotes *Van Eepoel Real Estate Co. v. Sarasota Milk Co.,*

---

**2.** Its section 7.2(b) discussion, however, arguably may be dicta. "Although Missouri recognizes the section 7.2(b) exception, it is inapplicable to this case." *DeGeorge,* 377 S.W.3d at 602.

**3.** Indeed, all 14 Restatement illustrations of section 7.2(b) involve land buyers owing unpaid judgments that become judgment liens against the land at closing. *See* Restatement (Third) of Property (Mortgages) § 7.2, comments b. & c., illustrations 1–14.

100 Fla. 438, 129 So. 892, 897 (1930). *See* 377 S.W.3d at 602. We now quote *Van Eepoel* more fully, again substituting "lot buyer":

> [T]he rule last above stated, holding the purchase-money mortgages superior to the mechanic's lien, is applied in cases where the mechanic's lien is acquired for work *done at the instance of the [lot buyer],* and *without the acquiescence of the vendor, prior* to the execution of the mortgage. Thus, when A, the owner, enters into an executory contract to convey to B, and during the pendency of the contract and before a conveyance is executed, work is done upon the premises by a mechanic *under a contract with B, the [lot buyer], and without the knowledge or acquiescence of A,* for which work the mechanic acquires a perfected lien, after which A executes a conveyance to B and simultaneously takes back a purchase-money mortgage, the mortgage is superior to the mechanic's lien, because B takes the title charged with the incumbrance of the purchase money mortgage.

129 So. at 897 (some emphasis ours).

Simply put, Bank fails to show why this exception applies here. Bank does not claim these mechanics' liens were for labor or material ordered by lot buyers without the developer's knowledge or acquiescence; or by lot buyers before they acquired title; or by mere equitable (not legal) owners of the land.[4] Nor did these mechanics' liens attach simultaneously with any Bank deed of trust; they attached long before these lots were platted and even longer before Bank recorded any deed of trust.

We need not belabor the point. Bank has not shown that its cited exception fits this case or that the trial court misapplied the law. The first spade rule gave valid mechanics' liens priority over Bank's deeds of trust. Judgment affirmed.[5]

DON E. BURRELL, C.J., and MARY W. SHEFFIELD, J., concur.

---

4. As to the latter, *see DeGeorge,* 377 S.W.3d at 601.

5. We need not reach the judgment's alternative findings of waiver or Bank's challenges thereto.